IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MISTY BUSER**,

        Plaintiff,

    v.

**ASSET RECOVERY GROUP, INC.**,

        Defendant/Third-Party Plaintiff,

**JENNIFER O'NEAL**,

        Third-Party Defendant.

Case No. 3:13-cv-1917-SI

**OPINION AND ORDER**

Joshua R. Trigsted, Trigsted Law Group, P.C., 5200 SW Meadows Road, Suite 150, Lake Oswego, OR 97035. Attorney for Plaintiff and Third-Party Defendant.

Jeffery I. Hasson, Davenport & Hasson, LLP, 12707 NE Halsey Street, Portland, OR 97230. Attorney for Defendant and Third-Party Plaintiff.

**Michael H. Simon, District Judge.**

      Plaintiff Misty Buser ("Buser") filed the complaint in this action against Defendant Asset Recovery Group, Inc. ("Asset"), alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Specifically, Buser alleges that Asset communicated with a third party other than in a manner prescribed by 15 U.S.C. § 1692b, by calling Buser's phone number

Page | 1

and disclosing that the call was about Buser's debt without adequately attempting to determine the identity of the person answering the phone. Compl. ¶ 9. Buser alleges that Jennifer O'Neal ("O'Neal") was the third party who answered Buser's phone. *Id.*

On November 20, 2013, Asset filed its Third-Party Complaint (Dkt. 7) against O'Neal for indemnification based on fraud, alleging O'Neal fraudulently represented to Asset that O'Neal was Buser. O'Neal now moves the Court to dismiss Asset's Third-Party Complaint on the grounds that: (1) the Court lacks subject matter jurisdiction over the claim; (2) the Third-Party Complaint fails to state a claim for which relief can be granted; and (3) the claim is not yet ripe. For the reasons that follow, the Court DENIES O'Neal's motion.

## STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

**B. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from

Page | 3

the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## DISCUSSION

### A. Subject Matter Jurisdiction

O'Neal argues that the Court lacks subject matter jurisdiction because Federal Rule of Civil Procedure ("Rule") 14 is the only possible jurisdictional hook and it does not apply. Asset responds that Rule 14 does apply and that the Third-Party Complaint properly complies with the requirements of Rule 14.

Rule 14(a)(1) provides:

> A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. Proc. 14(a)(1). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989). The third-party claim must be in some way

Page | 4

"dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.). Additionally, although Rule 14 provides a procedural basis for the assertion of a claim against a third-party defendant, "there must also exist a substantive basis for the third-party defendant's liability." *Kim*, 871 F.2d at 1434.

Asset's Third-Party Complaint meets all the requirements of Rule 14 and provides a substantive basis for the third-party defendant's alleged liability. Asset's claim is that O'Neal fraudulently pretended to be Buser when O'Neal answered Buser's phone. This claim is an "attempt[] to transfer to a third-party defendant the liability asserted against" Asset. *See* 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.). The "substantive basis" of Asset's claim in the Third-Party Complaint is common law fraud.[1] Because Asset filed its Third-Party Complaint on the same day as its Answer, Asset is within the 14-day time limitation provided for in Rule 14. *See* Dkts. 6 and 7. For these reasons, the Court properly has jurisdiction over the claims alleged in the Third-Party Complaint.

**B. Failure to State a Claim**

O'Neal next argues that Asset failed to state a claim upon which relief can be granted because the allegations of fraud in the Third-Party Complaint did not contain sufficient specificity. Rule 9(b) requires:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent,

---

[1] It is not necessary for Asset's Third-Party Complaint to have an independent basis for federal jurisdiction as long as the original complaint meets the requirements for federal jurisdiction. *See United States v. United Pacific Ins. Co.*, 472 F.2d 792, 794 (9th Cir. 1973); *Banks v. City of Emeryville*, 109 F.R.D. 535, 538-39.

> knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. Proc. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants [or third-party defendants] notice of the particularl misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and quotation marks omitted). Therefore, allegations of fraud must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Rule 9(b) applies to Asset's allegations of fraud. The Third-Party Complaint, however, satisfies these requirements. In the Third-Party Complaint, Asset alleges that on June 11, 2013, O'Neal fraudulently represented to Asset that she was Buser when O'Neal answered Buser's phone. Third-Party Complaint ¶¶ 4-11. Therefore, Asset has included the "who, what, when, where, and how" of the claimed fraud and has satisfied Rule 9(b) by providing notice of the particular misconduct alleged.

## C.  Ripeness

O'Neal also argues that Asset's claim for fraud is not yet ripe because there has been no determination by a court that Asset is liable for any damage caused to Buser. "Ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." ERWIN CHEMERINSKY, FEDERAL JURISDICTION 121 (6th ed. 2007). Although a claim for indemnification might be considered speculative before a loss has been incurred by the putative indemnitee, Rule 14, in the interest of judicial efficiency, expressly creates a procedure to bring a claim for indemnification under certain circumstances. *Kim*, 871 F.2d at 1434. O'Neal cites no cases, and

the Court has found no such cases, that require that there be a determination by a court regarding liability before a defendant may bring a third-party complaint under Rule 14. Asset argues that the claim for fraud is ripe because it is the precisely the type of indemnity claim permitted against a third-party at this stage of the proceeding by Rule 14. The Court agrees. *See Atlantic Aviation Corp. v. Costas' Estate*, 332 F. Supp. 1002, 1007 (E.D. NY 1971) (noting that under Rule 14(a) "for procedural proposes a claim for indemnification is ripe for adjudication"). *Accord*, *Verd v. I-Flow, LLC*, No. 3:11-cv-00677-AA, 2013 WL 2178081, at *2 (D. Or. 2013); *Resolution Trust Corp. v. Farmer*, 836 F. Supp. 1123 (E.D. Penn. 1993) (holding that third-party claims for fraud were properly pleaded pursuant to Rule 14). Because Asset has satisfied all the requirements of Rule 14, the claim for indemnification based on fraud is ripe and appropriately brought at this time under Rule 14.

## CONCLUSION

For the reasons above, O'Neal's Motion to Dismiss (Dkt. 14) is DENIED.

**IT IS SO ORDERED**.

DATED this 21st day of February, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
